This is a suit wherein plaintiff claims compensation for total permanent disability arising out of an alleged injury received by him on March 24, 1940, while in the employ of defendant company, causing a left inguinal hernia.
The defendant denies that plaintiff sustained an injury which caused a hernia, and denies that plaintiff is entitled to any compensation whatever.
There was judgment dismissing plaintiff's demand, and he has appealed, but has failed to argue the case either orally or by brief.
Plaintiff testified that he was struck on the left side by the handle bars of a wheelbarrow which he was pushing when the wheelbarrow got out of his control and turned over. He states that he immediately felt a stinging pain, left his work, and informed his foreman who sent him to defendant's doctor, whom he visited at his home that same night, and who gave him some medicine; that he returned to the doctor's office on the next morning, at which time the doctor taped his side and told him to go to bed; that he remained in bed for about three weeks and that thereafter he visited the doctor several times; and that he is still unable to work on account of his side hurting him.
Plaintiff offered the testimony of Dr. R. Strother. On direct examination Dr. Strother stated that plaintiff has a potential hernia and is not able to do hard manual labor. On cross-examination, the doctor stated that "Well, he has a swollen gland, and a potential hernia is liable to come with hernia at any time", which destroys his former testimony that plaintiff had a potential hernia.
As against this evidence, we have the testimony of Dr. Archibald, the company doctor at its plant, who saw the plaintiff soon after the alleged injury, and examined and treated him several times. He states that he could not find any sign of a potential hernia, and surely not a hernia. He diagnosed the trouble as resulting from a venereal disease. Dr. Frazor, a prominent physician of Many, Louisiana, also examined plaintiff, and failed to find any indication of a hernia, either complete or incomplete. This doctor likewise attributes plaintiff's trouble to a venereal disease which affected the prostate gland. To the same effect is the testimony of Dr. King Rand of Alexandria.
It is our opinion that the medical testimony clearly shows that plaintiff has neither a complete hernia nor a potential hernia, and that he has failed to prove any disability resulting from any injury sustained in his employment.
Judgment affirmed. *Page 153